UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OHIO

| | | |
|---|---|---|
| CRYSTAL GALBREATH, | ) | CASE NO.: 1:23-CV-02132 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | **REPORT OF PARTIES' PLANNING** |
| | ) | **MEETING UNDER FED R. CIV. P.** |
| SANOFI US SERVICES INC. et al., | ) | **26(F), L.R. 16.3(b)(3) AND LPR 2.1** |
| | ) | |
| Defendants. | ) | |

1. Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.3(b), a meeting was held on December 20, 2023, and was attended by:

   Pierce Jones, Counsel for plaintiff   Crystal Galbreath

   Matt DePaz, Counsel for defendants Sanofi US Services Inc. and sanofi-aventis U.S. LLC

2. The parties:

   _____ have exchanged pre-discovery disclosures required by Rule 26(a)(1)

   _____ will exchange such disclosures by _____, 202__

   __X__ have not been required to make initial disclosures.

   The parties agree that initial disclosures are not necessary due to prior discovery in the multidistrict litigation ("MDL") from which this case was transferred. The parties waived initial disclosures in the MDL and instead exchanged information using Plaintiff and Defendant Fact Sheets.

3. The parties recommend the following track:

   _____ Expedited          _____ Standard          __X__ Complex

   _____ Administrative     _____ Mass Tort

1

4. This case is automatically designated as suitable for Electronic Case Filing (ECF). Is there any reason that the designation should change to "not suitable for ECF?" __No__

5. Choose one of the following:

   _____ This case **is** suitable **now** for **ADR** or _____ (insert an alternative ADR).

   or,

   __X__ Case **is not** suitable for ADR at this time.

   or,

   _____ Case **is not** suitable for ADR at any time.

   The parties are working toward resolution at the global level and may reassess alternative dispute resolution at a later date.

6. The parties ___ do / __X__ do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

7. Federal jurisdiction is based upon __28 U.S.C. § 1332(a)__

8. Recommended Discovery Plan:

   a) Describe the claims & defenses on which discovery is to be sought and the nature and extent of discovery.

   The MDL court has facilitated completion of all general expert, corporate, and third-party discovery. *See* Transfer Order, ECF No. 8, Ex. B at 7–9, 44. No additional general discovery against Sanofi US Services Inc. and sanofi-aventis U.S. LLC (collectively "Sanofi") shall be permitted post-remand. *See id.* at 8.

4874-5780-9047 v5

Significant case-specific discovery is still needed. *See id.* at 44–45. Ms. Galbreath claims she experienced permanent hair loss following treatment for breast cancer with the chemotherapy drug Taxotere. Her claims entail complex questions of medical injury, medical causation, and personal and medical damages that implicate many diverse aspects of her medical history. These include her cancer diagnosis, care, and follow up; any treatment for, diagnosis, or discussion of hair loss with any provider; other health issues, such as genetic, hormonal, and autoimmune issues, bearing on cancer treatment options, hair loss, and quality of life; and non-medical evidence regarding Ms. Galbreath's hair and quality of life over time, including photographs and testimony from her cosmetic service providers, friends, and family.

So far, Ms. Galbreath has completed a Plaintiff Fact Sheet and Sanofi has completed a Defendant Fact Sheet. Ms. Galbreath has produced some photographs and medical records. Sanofi is in the process of collecting additional medical records from her healthcare providers. The parties anticipate the need to depose Ms. Galbreath, her prescribing physician, treating physician, other medical professionals, friends, and family, and one or more sales representatives for Sanofi. Sanofi may also serve written discovery in the form of requests for production, requests for admission, and interrogatories. Production of risk-counseling documents, personal notes, and additional photographs are likely needed. The parties will also conduct expert-witness discovery.

    b)    Non-Expert discovery deadline:    November 11, 2024

    c)    If applicable, set forth the issues that will be addressed by experts and provide proposed deadlines:    Experts will address Plaintiff's alleged permanent hair loss and its cause.

4874-5780-9047 v5

Expert report for the party with the burden of proof deadline: <u>Plaintiff's expert disclosures and reports will be due December 9, 2024. Plaintiff's experts' depositions will be completed by January 9, 2025.</u>

Rebuttal expert report deadline: <u>Defendants' expert disclosures and reports will be due January 23, 2025. Defendants' experts' depositions will be completed by February 21, 2025.</u>

Expert discovery cut-off deadline: <u>February 21, 2025.</u>

9. The pleadings shall be amended **without** leave of Court on or before: <u>The parties dispute whether amendments to the pleadings should be permitted. Plaintiff requests until February 16, 2024 to file a Motion for Leave to Amend her Complaint. Defendants request until March 1, 2024 to oppose Plaintiff's Motion for Leave to Amend. The parties will state their respective positions on why amendments should or should not be permitted in their respective briefs.</u>

10. Recommended dispositive motion date: <u>April 2, 2025</u>.

11. Recommended date for a Status Conference <u>October 11, 2024,</u> or Settlement Conference <u>                  </u>.

12. Other matters for the attention of the Court: <u>None at this time.</u>

Attorney for Plaintiff(s) */s/ Pierce Jones* (with permission)

Attorney for Plaintiff(s) _____

Attorney for Plaintiff(s) _____

Attorney for Defendant(s) */s/ Matthew DePaz*

4

Attorney for Defendant(s) _____

Attorney for Defendant(s) _____

4874-5780-9047 v5